**Milton SANTANA–VENEGAS,**
**Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of**
**Veterans Affairs, Respondent–**
**Appellee.**

**No. 99–7193.**

United States Court of Appeals,
Federal Circuit.

Dec. 17, 2002.

---

David M. Lubitz, Swidler Berlin Shereff Friedman, LLP, of Washington, DC, argued for claimant-appellant.

Sean C. Griffin, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief was Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC. Of counsel was Donald E. Zeglin, Department of Veterans Affairs, of Washington, DC.

Before GAJARSA, Circuit Judge, ARCHER, and PLAGER, Senior Circuit Judges.[1]

---

1. Glenn L. Archer, Jr. assumed senior status on December 24, 1997. S. Jay Plager assumed senior status on November 30, 2000.

## DECISION

GAJARSA, Circuit Judge.

Milton Santana–Venegas appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing as untimely his appeal from the Board of Veterans Appeals ("BVA"), which denied his claim for service-connected disability benefits. *See Santana–Venegas v. West*, 16 Vet.App. 464, No. 99–718, 1999 U.S.App. Vet. Claims LEXIS 622 (Jun. 22, 1999). Because Mr. Santana–Venegas' misfiled notice of appeal with the Department of Veterans Affairs Regional Office ("VARO") from which his claim originated equitably tolled the judicial appeal period for filing his notice of appeal to the Veterans Court, the Veterans Court's dismissal is reversed, and the case is remanded for further proceedings consistent with this opinion.

## I. BACKGROUND

Mr. Santana–Venegas served in the United States Army from November 1967 to November 1969. Since the mid–1970s, he has been repeatedly hospitalized and has received treatment for various psychiatric illnesses. His treatment records have shown complaints of nightmares, sleeplessness, anxiety, and flashbacks. In April 1992, Mr. Santana–Venegas filed a disability claim with the VARO in Puerto Rico, alleging that he suffered from Post–Traumatic Stress Disorder ("PTSD") connected to his service in Vietnam. Mr. Santana–Venegas' VA treatment records indicate that he received a diagnosis of PTSD. In July 1992, he underwent a VA examination for PTSD. In June 1993, the VARO notified Mr. Santana–Venegas that it had denied service connection for PTSD because his condition did not present symptoms of a "reliable diagnosis" of PTSD. In August 1995, Mr. Santana–Venegas was again hospitalized for psychiatric conditions. He then requested a hearing

before the VARO to present "new and material evidence to show [he was] a PTSD patient." In November 1996, after three psychiatric examinations, the VARO again concluded that Mr. Santana–Venegas did not suffer from PTSD and again denied his claim on the merits.

In December 1996, Mr. Santana–Venegas filed a notice of disagreement and requested a statement of the case from the VARO. In May 1997, the VARO sent Mr. Santana–Venegas a statement of the case. In September 1997, the VARO conducted an additional personal hearing for Mr. Santana–Venegas, at which his treating psychiatrist testified that he suffered from PTSD. In January 1998, after two more psychiatric examinations, the VARO again concluded that Mr. Santana–Venegas did not suffer from PTSD and issued a supplemental statement of the case. In February 1998, Mr. Santana–Venegas filed an appeal to the BVA with the VARO. In September 1998, the VARO informed Mr. Santana–Venegas that it had certified his appeal to the BVA in Washington, D.C., and that it would take "several months" before a decision would be rendered.

On November 17, 1998, the BVA affirmed the denial of Mr. Santana–Venegas' claim, triggering the 120–day statute of limitations for filing a notice of appeal with the Veterans Court. Mr. Santana–Venegas, however, never received a copy of the BVA decision and did not learn of the denial until January 1999, when he contacted the Puerto Rico Public Advocate for Veterans Affairs ("PRPAVA"). Accordingly, on January 22, 1999, he signed a notice of appeal to the Veterans Court. Additionally, on January 26, 1999, he filed a request with the VARO for a copy of the BVA decision. PRPAVA mistakenly mailed the notice of appeal to the VARO instead of the Veterans Court. The VARO

received the notice of appeal on January 27, 1999.

On April 7, 1999, twenty days after the 120–day limitation period had expired and seventy days after having received the mistakenly addressed notice of appeal, the VARO informed Mr. Santana–Venegas that he should have filed the notice with the Veterans Court. Upon this advice, Mr. Santana–Venegas mailed the notice of appeal to the Veterans Court; the Veterans Court docketed the appeal on April 28, 1999, more than one month after the March 18, 1999 statutory deadline. On May 14, 1999, the Veterans Court sent Mr. Santana–Venegas an order to show cause why his case should not be dismissed for failure to file within the 120–day limitation period. On May 24, 1999, Mr. Santana Venegas filed his response, claiming, among other things, that the appeal was mistakenly sent to the VARO without his knowledge. On June 22, 1999, the Veterans Court summarily dismissed the case, pursuant to 38 U.S.C. § 7266(a), for failure to file the notice of appeal "within 120 days after the date of mailing of the BVA decision."

## II. DISCUSSION

### A. STANDARD OF REVIEW

█] The jurisdiction of this court to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292 (2000); *Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (*en banc*). This court has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [section 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Accordingly, questions regarding the validity and interpretation of constitutional and statutory provisions are questions of law to be reviewed without deference. *Id.; Forshey,* 284 F.3d at 1338.

However, we may only set aside interpretations of regulations relied upon in the decision of the Veterans Court that we find to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1).

### B. ANALYSIS

█ Equitable tolling is generally available in two types of situations: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," or (2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Jaquay v. Principi,* 304 F.3d 1276, 1282–83 (Fed.Cir.2002) (*en banc*) (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (footnotes omitted)); *see also Young v. United States,* 535 U.S. 43, 122 S.Ct. 1036, 1040, 152 L.Ed.2d 79 (2002) ("It is hornbook law that limitations periods are customarily subject to equitable tolling unless tolling would be inconsistent with the text of the relevant statute." (internal quotations and citations omitted)). The *Irwin* Court noted, however, that courts are "less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights," or where there is "a garden variety claim of excusable neglect." *Irwin,* 498 U.S. at 96, 111 S.Ct. 453 (internal citations omitted).

This court has held that equitable tolling is available to toll the judicial appeal period of 38 U.S.C. § 7266. *Jaquay,* 304 F.3d

at 1288–89 (holding that a veteran who seeks redress of a claim and misfiles his or her request for reconsideration at the same VARO from which the claim originated is entitled to toll the statute of limitations of 38 U.S.C. § 7266); *Bailey v. West,* 160 F.3d 1360, 1365 (Fed.Cir.1998) (*en banc*) (holding that, "in light of *Irwin,* previous statements that equitable tolling is unavailable against 38 U.S.C. § 7266 are overruled"). In *Jaquay,* a veteran executed a motion for reconsideration of a BVA decision and presented it to his non-attorney representative. *See Jaquay,* 304 F.3d at 1279. Instead of mailing the motion to the BVA, the representative mailed it to the VARO, which was where the veteran's claims file was located. *See id.* Due to the delay, the veteran failed to file a notice of appeal with the Veterans Court within 120 days after the date on which notice of the initial BVA decision was mailed. *See id.* In examining whether the veteran "exercised due diligence in preserving his legal rights," *id.* at 1283 (citing *Irwin,* 498 U.S. at 96, 111 S.Ct. 453), this court reasoned:

> [T]he diligence requirement is more relaxed for cases where the claimant filed a pleading in the wrong place as opposed to filing it after a statutory deadline. Misfiling cases within the veterans' system are unlike the typical late-filing cases where the limitations period expires before the would-be claimants perform any action to preserve their legal rights. The filing of the misdirected paper itself satisfies the diligence requirement as a matter of law.

*Id.* at 1287–88 (citations omitted). Accordingly, this court held that a veteran, who seeks redress of a claim and misfiles his or her request at the same VARO from which the claim originated, is entitled to equitable tolling of the judicial appeal period pursuant to 38 U.S.C. § 7266 under the first *Irwin* prong. *See id.* at 1288–89.

In *Bailey,* a veteran signed a notice of appeal to the Veterans Court and presented it to an employee at a VARO. *See* 160 F.3d at 1361. The employee took the notice and informed the veteran that she would take care of the appeal. *See id.* The employee failed to file the notice of appeal with the Veterans Court, causing the veteran to miss the 120–day statutory limitation. *See id.* This court reasoned that the veteran was misled, especially given the paternalistic system of veterans' benefits. *See id.* Accordingly, this court held that a veteran, who is lulled into "accepting and relying upon the advice and aid of the government," is entitled to equitable tolling of the judicial appeal period pursuant to 38 U.S.C. § 7266 under the second *Irwin* prong. *See id.* at 1365.

 While equitable tolling is available to toll the judicial appeal period of 38 U.S.C. § 7266, a veteran who files an untimely notice of appeal must nevertheless show that the veteran "exercised due diligence in preserving his legal rights." *Jaquay,* 304 F.3d at 1283 (citing *Irwin,* 498 U.S. at 96, 111 S.Ct. 453). In this case, the issue is whether a veteran who misfiles his or her notice of appeal at the same VARO from which the claim originated within the 120–day judicial appeal period of 38 U.S.C. § 7266(a), thereby actively pursues his judicial remedies, despite the defective filing, so as to toll the statute of limitations. Mr. Santana–Venegas acted diligently by filing his notice of appeal within 120 days of the BVA's decision affirming the denial of his claim. In the context of the non-adversarial, manifestly pro-claimant veterans' benefits system, and consistent with our decisions in *Jaquay* and *Bailey,* misfiling a notice of appeal at the VARO from which the claim originated shows that the claimant seeks redress before the Secretary despite the claimant's mistaken belief as to the accura-

cy of the filing location and does not involve "a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453; *see also Bailey*, 160 F.3d at 1365. Once a veteran takes the affirmative act of seeking redress of his or her claim through a filing with the VARO from which the claim originated rather than the Veterans Court, "[t]he filing of the misdirected paper itself satisfies the diligence requirement as a matter of law." *Jaquay*, 304 F.3d at 1288 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)).

■ Moreover, this is especially true in the circumstances of Mr. Santana–Venegas, who relied on the non-adversarial and pro-claimant character of the veterans' benefits system and pursued his statutory entitlements without the assistance of legal counsel. *See* 38 U.S.C. § 5904(c)(1) (prohibiting fee agreements with an attorney until the Board issues a final decision); *Jaquay*, 304 F.3d at 1282 ("[T]he law prohibiting lawyers from charging a fee has the practical effect of limiting the ability of veterans to retain a lawyer at the early stages of the claim process."). It is not unreasonable for veterans to rely on the VA to fully comply with the comprehensive policies adopted by the agency including the duty to assist timely. *See* 38 U.S.C. § 7721(a) ("ensuring that all veterans ... are provided timely and appropriate assistance to aid and encourage them in applying for and obtaining such benefits and services"); *Dep't of Veterans Affairs Procedure Manual, M21–1*, Part III § 11.02 (indicating that all correspondence must be acknowledged or answered within ten days of receipt). Such policies provide reasonable assurances that even misdirected mail will be forwarded or returned in due course and that proceedings will not be unduly delayed even where papers are inadvertently misfiled, provided they are misfiled at the same VARO from which the claim originated.

■ We hold as a matter of law that a veteran who misfiles his or her notice of appeal at the same VARO from which the claim originated within the 120–day judicial appeal period of 38 U.S.C. § 7266, thereby actively pursues his or her judicial remedies, despite the defective filing, so as to toll the statute of limitations. Thus, Mr. Santana–Venegas' filing of his notice of appeal at the same VARO from which his claim arose within the 120–day judicial appeal period of 38 U.S.C. § 7266 triggered equitable tolling, and the Veterans Court's dismissal for lack of jurisdiction of the appeal as being untimely was erroneous.

Our decision in this case does not involve the application of law to the facts of a particular case. *See* 38 U.S.C. § 7292(d)(2)(B); *Leonard v. Gober*, 223 F.3d 1374, 1376 (Fed.Cir.2000) ("Because we lack jurisdiction to consider Leonard's arguments regarding the application of equitable tolling to the facts of her case, her appeal is dismissed."). Rather, our holding resolves whether the Veterans Court properly interpreted 38 U.S.C. § 7266(a) when it dismissed Mr. Santana–Venegas' appeal as being untimely. The Veterans Court erred by summarily dismissing Mr. Santana–Venegas' case as being untimely under 38 U.S.C § 7266(a) without evaluating the availability of equitable tolling. We now reverse this error and recognize that a veteran who misfiles his or her notice of appeal at the same VARO from which the claim originated within the 120–day judicial appeal period of 38 U.S.C. § 7266(a), thereby actively pursues his or her judicial remedies, despite the defective filing, so as to toll the statute of limitations under the first *Irwin* prong.

### III. CONCLUSION

The judgment of the Court of Appeals for Veterans Claims is reversed and the

case is remanded for further proceedings in accordance with this opinion.

*REVERSED AND REMANDED.*

### COSTS

Each party shall bear its own costs.