STEINBERG, Judge,
concurring:
I join in the Court’s order granting the parties’ joint motion for remand.[1] However, I would find that the 1994 Disabled American Veterans (DAV) letter satisfied the requirements of 38 C.F.R. § 20.201 (2002) for being a Notice of Disagreement (NOD) insofar as having been written “in terms which can be reasonably construed as [expressing] disagreement ... and a desire for appellate review”, because that letter requested “[flurther development, i.e., review of’ evidence regarding verification of stressors cited by the appellant in connection with his post-traumatic stress disorder service-connection claim.
As we indicated in our opinion in Gallegos v. Gober, both 38 U.S.C. § 7105 and the applicable Department of Veterans Affairs (VA) regulation contemplate that after an NOD is filed, the next step is review by the VA regional office (RO) that denied the claim, and that review is followed by the VARO’s issuance of a Statement of the *554 Case (SOC) or a Supplemental SOC if the disagreement is not resolved by the RO. Gallegos, 14 Vet.App. 50, 55-56 (2000). There is no requirement for Board of Veterans’ Appeals (BVA) review at that point. Rather, BVA review occurs only after the claimant files a Substantive Appeal, see 38 C.F.R. § 20.200 (2002). Hence, any notion of a claimant’s having to desire BVA review at the NOD stage is totally premature. It is only at the Substantive Appeal stage that the claimant is expressing a desire for BVA review, see 38 C.F.R. § 20.202 (2002). Ibid.
In this respect, Judge Gajarsa, in his dissenting opinion, most aptly concluded:
In various subsections of § 7105, Congress has given several clear statements concerning the role of a[n] NOD in the process Congress specified whereby a claimant initiates appellate review. Tellingly, the majority does not discuss these portions of § 7105. These provisions describe a multi-step process....
Given the various clear indications in § 7105 that Congress envisioned a mul-ti-step process, with expression of a desire for appellate review being the last step and filing a[n] NOD being the first, [ JVA’s regulation is not “consistent” with § 7105.[ JVA’s regulation merges the first and last step, contrary to the sequence prescribed, and mak[es] the [SOC] superfluous. In essence, [ ] VA’s regulation violates both § 7105 and § 501 because Congress’ intent is clear and no Chevron [U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984),] deference should be afforded the regulation.
Gallegos v. Principi, 283 F.3d 1309, 1316, 1318 (Fed.Cir.2002) (Gajarsa, J., dissenting) (footnotes omitted).
Moreover, it is not at all clear that the majority view in Gallegos commands the support of a majority of all of the judges of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). In its en banc opinion in Cook v. Principi, that court recently outlined the process for seeking VA benefits. The court there described the NOD as follows:
A veteran may appeal an adverse RO decision to the Board [of Veterans’ Appeals]. Appellate review is initiated by the veteran filing [an NOD] with [ ] VA. See U.S.C. § 7105(a). The NOD is a written communication from the veteran expressing dissatisfaction or disagreement with an adjudicative decision of [ ] VA. See 38 C.F.R. § 20.201; Collaro v. West, 136 F.3d 1304, 1308 (Fed.Cir.1998) (explaining that disagreement between [ ] VA and the veteran over legal entitlement to a particular benefit may form the basis of an NOD).
Cook v. Principi, 318 F.3d 1334, 1340 (Fed.Cir.2002) (en banc). Although Gallegos was finally decided shortly before Cook, the court in Cook makes no reference (even while citing to the regulation in question) to any expression of a desire for appellate review or BVA review as a necessary component of an NOD.
Furthermore, only three days before Cook was issued, the Federal Circuit stressed again, as it has previously in numerous opinions, the pro-claimant nature of the VA adjudication process and went to great lengths to provide procedural relief to a claimant “who relied on the non-adversarial and pro-claimant character of the veterans’ benefits system and pursued his statutory entitlements without the assistance of legal counsel." Santana-Venegas v. Principi, 314 F.3d 1293, 1297 *555 (Fed.Cir.2002) (emphasis added). Only three months earlier a unanimous en banc opinion stressed that “[w]hen a claim for benefits is before [VA], either at the VARO or before the BVA, the relationship between the veteran and the government is non-adversarial and proclaimant[,] ... [and] veterans often act pro se or are assisted by a veterans’ service organization.” Jaguay v. Principi, 304 F.3d 1276, 1282 (Fed.Cir.2002) (en banc). The Court went on to hold there: “In the context of the non-adversarial, paternalistic, uniquely pro-claimant veterans’ compensation system[,] ... the availability of equitable tolling ... should be interpreted liberally with respect to filings during the non-adversarial stage of the veterans’ benefits process.” Id. at 1286.[2] Application of these same principles to the issue decided in Gallegos would lead to a conclusion contrary to the one reached by the Federal Circuit regarding the elements of an administrative appeal within that VA process.
Finally, regarding the viability of the Federal Circuit’s Gallegos opinion, that court sustained on November 21, 2002, this Court’s interpretation regarding section 7105 after articulating the following standard for reviewing our Court’s interpretation of regulations: “We will uphold the court’s [(U.S. Court of Appeals for Veterans Claims’)] interpretation of regulations unless we find it to be ‘arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.’ 38 U.S.C. § 7292(d)(1)(A) (2000).” Herndon v. Principi, 311 F.3d 1121, 1124 (Fed.Cir.2002). Yet nowhere in the majority opinion in Gallegos did the court find that this Court’s opinion failed to meet that standard. Instead, it applied Chevron, supra, as the basis for its holding that we had not properly deferred to a VA regulation that had imposed on VA claimants a requirement, in addition to those in statutory section 7105, that makes it more difficult for a VA claimant “without the assistance of legal counsel” to initiate an appeal in the “non-adversarial” and “pro-claimant” veterans’ benefits system, Santana-Venegas, supra.
In the wake of Santana-Venegas and Jaguay, both supra, and the NOD description in the en banc Cook opinion, supra, there is no basis any longer — if there ever was — for permitting VA to add a requirement that an unrepresented VA claimant express a desire for BVA review in order to file an NOD, which has the function in the VA adjudication system of initiating the appellate process in which the next step is RO review of its disputed prior determination. See 38 U.S.C. § 7105(d)(1); 38 C.F.R. § 19.26 (2002) (providing that “[w]hen a[n NOD] is timely filed, the agency of original jurisdiction must reexamine the claim and determine if additional review or development is warranted”).

. It appears that the appellant has agreed to abandon — at least temporarily — pursuit of the effective date that might be obtained under 38 U.S.C. § 5110(a) if the 1994 Disabled American Veterans letter were to be found to be a Notice of Disagreement.

. Shortly before Gallegos v. Principi, 283 F.3d 1309 (Fed.Cir.2002), was issued by the U.S. Court of Appeals for the Federal Circuit, the court illustrated once more the great weight it placed on the pro-claimant nature of the veterans’ benefits process by holding in Santoro v. Principi that a letter addressed to this Court with an incorrect zip code that caused it to be misdelivered was nonetheless "properly addressed” and thus timely filed under 38 U.S.C. § 7266(c)(2). Santoro, 274 F.3d 1366, 1370 (Fed.Cir.2001).