ORDER

SCHALL, Circuit Judge.
The Secretary of Veterans Affairs moves to dismiss Esau Landa’s appeal for lack of jurisdiction. Landa opposes or, in the alternative, moves to remand.
Landa sent a Notice of Appeal (NOA) from a January 30, 2001 Board of Veterans’ Appeals decision to the United States Court of Appeals for Veterans Claims using the Mexican Postal System. The Court of Appeals for Veterans Claims received Landa’s NOA 121 days after the Board mailed its decision. The Court of Appeals for Veterans Claims dismissed Landa’s appeal for untimeliness and stated, “there is nothing in this appeal to suggest that tolling ... would be appropriate.” Landa asserts that the Court of Appeals for Veterans Claims erred in failing to “discuss the due diligence standard or examine the particular circumstances of Appellant’s situation” with regard to equitable tolling.
We deem the better course is to remand because the Court of Appeals for Veterans Claims did not have the benefit of our decisions in Jaquay v. Principi, 304 F.3d 1276 (Fed.Cir.2002) (en banc), and Santana-Venegas v. Principi, 314 F.3d 1293 (Fed.Cir.2002), at the time it ruled on the availability of equitable tolling. In view thereof, the court vacates the Court of Appeals for Veterans Claims’ decision and remands to allow for further proceedings.*
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to dismiss is denied.
(2) The Court of Appeals for Veterans Claims’ judgment is vacated.
(3) Landa’s motion to remand is granted.
(4) Each side shall bear its own costs.

 We express no view on the merits of the equitable tolling issue.