NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5043

MICHAEL P. PAALAN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  January 12, 2005

_____

Before BRYSON, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Michael P. Paalan appeals from an order of the Court of Federal Claims dismissing his claims for back pay in cases No. 01-448C and No. 02-405C.  He also appeals the court's award of summary judgment for the government on his takings and back pay claims in case No. 01-448C.  We <u>affirm</u>.

## BACKGROUND

While Mr. Paalan was on active duty in the Navy, he was arrested on charges of murder, drug offenses, and weapons possession.  At the time of his arrest, Mr. Paalan

was approaching the end of his enlistment period. In fact, he was scheduled to be transferred to the Naval Fleet Reserve at the end of the month in which he was arrested. When he was arrested, the Navy placed him on "legal hold" status so that it could retain court-martial jurisdiction over him. Mr. Paalan's voluntary enlistment period ended after his arrest, but before his court-martial. Accordingly, the Navy involuntarily extended his discharge date so that it could continue to have jurisdiction over the charges against him. Mr. Paalan was ultimately convicted on a plea of guilty. He was sentenced to 30 years' imprisonment, demotion to E-1 grade, forfeiture of all pay and allowances, and a dishonorable discharge following his confinement.

Mr. Paalan is incarcerated at Ft. Leavenworth in Kansas. In 1998 he brought a civil action in the United States District Court for the District of Kansas based on injuries that he allegedly suffered in the course of his incarceration. The district court dismissed his claim as barred by Feres v. United States, 340 U.S. 135, 146 (1950), which held that the Untied States is not liable under the Federal Tort Claims Act for injuries to military personnel while on active duty. On appeal from the order of dismissal, the United States Court of Appeals for the Tenth Circuit remanded the case to the district court to determine if Mr. Paalan had satisfied the requirement of the Feres doctrine that he be on active duty at the time of his alleged injuries. On remand, the district court determined that Mr. Paalan was on active duty at the time of the alleged injuries. Mr. Paalan appealed that ruling, and the court of appeals affirmed.

Mr. Paalan then brought suit (case No. 01-448C) in the Court of Federal Claims, contending that he was entitled to various forms of relief, including back pay for the period of October 11, 1995, through April 16, 1996. He also claimed that he was

entitled to just compensation for certain personal property that the government had taken from him. The trial court dismissed some of his claims on legal grounds. Before the remaining claims were resolved, Mr. Paalan brought another action in the Court of Federal Claims (case No. 02-405C) in which he asserted that he was contractually entitled to back pay as a result of a pretrial agreement. The Court of Federal Claims dismissed that action with prejudice on claim preclusion grounds, based on its previous dismissal of his back pay claims in case No. 01-448C. The court subsequently granted summary judgment in favor of the government on the remaining issues in case No. 01-448C.

DISCUSSION

Mr. Paalan appeals the ruling of the Court of Federal Claims in case No. 01-448C that he was barred by issue preclusion from asserting that he is entitled to back pay by virtue of his status in the Naval Fleet Reserve. Issue preclusion applies when (1) the issue to be decided is the same as the issue in a prior action; (2) the issue was raised and litigated in the prior action; (3) the resolution of the issue was necessary to the judgment in the prior action; and (4) the party precluded was given a full and fair opportunity to litigate its position in the prior action. Ammex, Inc. v. United States, 384 F.3d 1368, 1371 (Fed. Cir. 2004). We agree with the trial court that the Tenth Circuit's determination that Mr. Paalan is an active duty member of the armed forces bars his claim that he is a member of the Naval Fleet Reserve and should be paid as such. Mr. Paalan's military duty status was fully litigated in the Tenth Circuit case. Furthermore, his status was essential to the judgment in that case, because if the courts in that case had not concluded that he was on active duty status, the Feres doctrine would have

been inapplicable to him. If Mr. Paalan is on active duty status, he necessarily is not on Naval Fleet Reserve status and therefore is not entitled to back pay as a member of the Naval Fleet Reserve. Even apart from issue preclusion, it is clear that Mr. Paalan is not entitled to back pay as a member of the Naval Fleet Reserve. Because he was placed on "legal hold" status following his arrest and then was involuntarily extended on active duty status in light of his court-martial and conviction, he was never transferred to the Naval Fleet Reserve.

Mr. Paalan misapprehends the trial court's ruling that the Tenth Circuit's decision that he is on active duty status bars his claim for back pay based on his alleged Naval Fleet Reserve status. The trial court did not find that Mr. Paalan was "neither in an active military duty status nor retained in service," as Mr. Paalan contends. Rather, the trial court honored the Tenth Circuit's decision that Mr. Paalan is on active duty status and determined that it would have reached the same conclusion even if it had not been bound by that decision.

Mr. Paalan also appeals the trial court's dismissal of his alternative claim that if he is on active duty he is entitled to back pay based on that status. We agree with the trial court that Mr. Paalan was not entitled to claim back pay as a result of his active duty status after his voluntary enlistment period expired and his active duty status was involuntarily extended based on his court-martial proceedings and conviction. This court directly addressed this issue in Dock v. United States, 46 F.3d 1083, 1092-93 (Fed. Cir. 1995), in which we held that the Department of Defense Military Pay and Allowances Entitlements Manual § 10317 ("DODPM") establishes that a service member is not entitled to pay and allowances while he is confined and awaiting trial

after his enlistment period expires, unless he is ultimately acquitted. Mr. Paalan was a service member on voluntary active duty status until his enlistment period expired. The Navy then placed him on involuntary active duty status subject to the DODPM. At that point he ceased being entitled to pay and allowances unless and until he was acquitted. Mr. Paalan was not acquitted and therefore is not entitled to back pay for the period between the termination of his enlistment and his conviction. Furthermore, the fact that Mr. Paalan's sentence was vacated and that he was resentenced does not entitle him to back pay. As the Dock case makes clear, any part of a sentence that is reinstated after being vacated is effective from the date of the first sentencing. 46 F.3d at 1092. Therefore, Mr. Paalan is not entitled to back pay for the period between the date his first sentence was vacated and the date his second sentence was imposed, because both sentences required him to forfeit all pay and allowances.

We also agree with the trial court's ruling in case No. 02-405C that Mr. Paalan's claim of contractual entitlement to back pay is barred by claim preclusion. In order for claim preclusion to apply, the parties must be identical, there must have been an earlier final judgment on the merits of the first claim, and the second claim must be based on the same set of transactional facts as the first. Int'l Nutrition Co. v. Horphag Research, Ltd., 220 F.3d 1325, 1328 (Fed. Cir. 2000). The Court of Federal Claims entered a final judgment on the merits of Mr. Paalan's claim to back pay after his enlistment period expired when it dismissed his back pay claim in case No. 01-448C. The back pay claim in case No. 02-405C was based on exactly the same set of transactional facts raised by Mr. Paalan in case No. 01-448C. Mr. Paalan argued in case No. 01-448C that continued pay was an element of a pretrial settlement agreement to which he was

04-5043                                            5

contractually entitled, and the trial court rejected that claim. Despite Mr. Paalan's argument to the contrary, the trial court's ruling constituted a final decision on the merits of that claim even though there remained unrelated pending claims in case No. 01-448C.

Mr. Paalan also appeals the trial court's dismissal of his claim for back pay from the time of his arrest until the expiration of his enlistment term. We agree that the trial court properly dismissed that claim. The government provided proof that it issued checks to Mr. Paalan for the time period in question and that the checks were cashed and paid. Mr. Paalan did not pursue the mandatory administrative remedy for his claim, nor did he file an action within the appropriate limitations period. Section 3702(c)(1) of title 31 states that a claim "on account of a Treasury check" is barred unless made within one year of the date that the Treasury check issues. The trial court concluded that in light of the undisputed facts set forth by the government regarding the issuance and negotiation of the checks for the pertinent period, Mr. Paalan's action was necessarily a claim "on account of a Treasury check." Because that claim was not brought within one year of the issuance of the checks in question, we agree with the trial court that the claim was time-barred. We also agree with the trial court that equitable tolling is inapplicable to Mr. Paalan's claim. Mr. Paalan admitted that either his mother or former wife told him that he did not receive by direct deposit either active duty or retainer pay for the time between his arrest and the termination of his enlistment term. Mr. Paalan was aware of the alleged pay discrepancy and presented no evidence that the government somehow tricked or induced him to miss the filing deadline. Further, no other grounds for equitable tolling apply. See Santana-Venegas v. Principi, 314 F.3d

1293, 1296 (Fed. Cir. 2000). We also agree with the court that the Navy was not required to pay Mr. Paalan by electronic funds transfer or direct deposit as of the time of his claim. Section 3332 of title 31 did not require the Navy to make electronic deposits until 1999, more than three years after Mr. Paalan's alleged missed pay. Mr. Paalan argues that the Navy was contractually obligated to directly deposit his pay and allowances because it had done so in the past at his request. Mr. Paalan, however, produced no evidence of such an obligation other than his request for direct deposit, which does not contain any contractually obligating language.

Mr. Paalan next appeals the trial court's dismissal of his takings claim based on property that the government seized at the time of his arrest and afterwards. With respect to property seized as evidence in the court-martial proceedings, such as Mr. Paalan's gun and ammunition, the trial court properly dismissed the takings claim on the ground that review of his court-martial conviction was still pending and that the government was therefore entitled to continue to hold property seized for evidentiary purposes without any obligation to pay compensation for the seizure. To the extent that Mr. Paalan alleges that the government took some items of personal property for other than evidentiary reasons, the court ruled that the property was seized pursuant to Navy regulations prohibiting prisoners from retaining certain personal property when they are confined. The court concluded that the seizure of his property therefore did not constitute a taking for a public purpose, and thus did not trigger the constitutional requirement of paying just compensation, but instead constituted an exercise of the police power against which the Takings Clause provides no protection. We agree with the trial court that neither the seizure of items of evidentiary value nor the retention of

personal property that Mr. Paalan was not allowed to retain during his incarceration constituted takings for which the government was required to pay just compensation. Mr. Paalan contends that the Court of Federal Claims did not address his takings claim as it applies to property that was shipped in July 1995 to his retirement residence. The court, however, noted that while it is unclear what happened to some of the items of personal property that Mr. Paalan claims were taken from him, that property, even if lost after its seizure, was not taken for a public purpose and therefore is not property for which the Constitution entitles Mr. Paalan to compensation pursuant to the Takings Clause of the Fifth Amendment. We agree with the trial court's analysis and therefore conclude that with respect to the takings claim the trial court properly dismissed Mr. Paalan's claim in part and granted summary judgment to the government in part.

Finally, Mr. Paalan requests that his claims be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631. He does not set forth any legitimate reason for transferring any of his claims to that court, however, and we therefore refuse that request.

In a memorandum filed in lieu of oral argument, Mr. Paalan makes some additional arguments not made in his opening brief or in the Court of Federal Claims. However, arguments not made in an opening brief are normally considered waived, as are arguments not made in the court or tribunal whose order is under review. See, e.g., Hannon v. Dep't of Justice, 234 F.3d 674, 680 (Fed. Cir. 2000) (arguments made after the opening appeal brief that are not in the opening brief come too late to be considered); Caterpillar Inc. v. Sturman Indus., Inc., 387 F.3d 1358, 1368 (Fed. Cir. 2004) (a party who fails to make an argument at trial waives that argument on appeal).

We therefore decline to address the new arguments made in Mr. Paalan's recently filed

memorandum.