BRYSON, Circuit Judge.
 

 Edward C. Bailey appeals from a decision of the Court of Appeals for Veterans Claims (“the Veterans Court”) dismissing his appeal from the Board of Veterans’ Appeals on the ground that his notice of appeal was untimely. The Veterans Court held that the 120-day period for filing the notice of appeal was not equitably tolled even though the document through which he expressed his intention to appeal was filed with a regional office of the Department of Veterans Affairs (“DVA”), rather than with the Veterans Court, within the prescribed 120-day statutory period for filing a notice of appeal. Docket No. 01-1116. We hold that the filing with the regional office of a document that expresses the veteran’s intention to appeal to the Veterans Court equitably tolls the running of the 120-day notice of appeal period, and we therefore reverse' and remand.
 

 I
 

 The facts of this case are not in dispute. Mr. Bailey was on active duty with the United States Army from September 1965 to September 1967, when he was honorably discharged. In June of 1984, a psychiatric examination resulted in a diagnosis of service-connected post-traumatic stress disorder (“PTSD”) based on Mr. Bailey’s combat experience in Vietnam. The DVA granted Mr. Bailey service-connected disability status and rated his condition as 10 percent disabling. His disability rating was increased to 30 percent in 1988 and to 50 percent in 1996. On several occasions, Mr. Bailey has received inpatient treatment at DVA hospitals for schizophrenia and bipolar disorder in addition to PTSD.
 

 In 1998, the DVA’s regional office in Atlanta, Georgia, denied Mr. Bailey’s claim for an increase in his disability rating above 50 percent for PTSD. The regional
 
 *1383
 
 office also denied his separate claim for service-connected hepatitis C. Mr. Bailey appealed the regional office’s decisions to the Board of Veterans’ Appeals. In the proceedings before the Board, Mr. Bailey was assisted by the Georgia Department of Veterans Services (“GDVS”). The Board of Veterans’ Appeals denied Mr. Bailey’s appeal on both claims on September 18, 2000.
 

 On December 28, 2000, 101 days after the Board denied his. appeal, Mr. Bailey completed a document identified as “Form 9 Appeal to the Board of Veterans’ Appeals.” Although Form 9 is the form for noting an appeal to the Board of Veterans’ Appeals, it is undisputed that Mr. Bailey intended that document to. serve as his notice of appeal to the Veterans Court. Mr. Bailey prepared the Form 9 on his own without the assistance of a service representative because the GDVS, which had been assisting Mr. Bailey with his claim up to that point, does not provide assistance to veterans with their claims beyond the Board of Veterans’ Appeals.
 

 On the day that he completed his Form 9, Mr. Bailey took it to the GDVS where a representative of that organization accepted it and agreed to forward it to the appropriate location. The GDVS employee forwarded the document to the DVA’s Atlanta regional office, where it was received on January 8, 2001, 107 days after the Board’s decision.
 

 After having heard nothing about his appeal for nearly six months, Mr. Bailey contacted the Veterans Court in June of 2001. In' his June 27, 2001, submission to the Veterans Court, Mr. Bailey restated his desire to appeal the Board’s decision and attached a copy of the Form 9 dated December 28, 2000.
 

 Later investigation, revealed that, although the regional office received Mr: Bailey’s Form 9 from the GDVS on January 3, 2001, it took no action with respect to that document ■ until October 4, 2001, when-Mr. Bailey’s new representative contacted the regional office to inquire as to the whereabouts of the notice of appeal. The regional office located the date-stamped Form 9 ■ in its “overflow” file where it had been sitting since . it was received from the GDVS.
 

 The Veterans Court ordered Mr. Bailey to show cause why his appeal should not be dismissed for lack of jurisdiction because his notice of appeal was not filed with the court within 120 days after the decision of the Board, as is required by 38 U.S.C. § 7266(a). Mr. Bailey argued that in light of this court’s decisiqn in
 
 Bailey v. West,
 
 160 F.3d 1360 (Fed.Cir.1998), the Veterans Court should apply the doctrine of equitable tolling and hold that his appeal was timely.
 

 The Veterans Court dismissed Mr. Bailey’s appeal for lack of jurisdiction. The court held that equitable tolling did not apply to Mr. Bailey’s appeal because the GDVS employee who agreed to assist Mr. Bailey was not an “adversary in proceedings” and because Mr. Bailey did not exercise the due diligence necessary to invoke the doctrine of equitable' tolling. In so ruling, the Veterans Court cited its decision in
 
 Jaquay v. West,
 
 11 Vet.App. 67 (1998), for the proposition that the regional
 
 office
 
 had no duty to forward his Form 9 to the Veterans Court and that even if it had such a duty and violated it, the remedy of equitable tolling could not be invoked.
 

 II
 

 Both parties agree that the decision of the Veterans Court should be vacated in light of our opinion in
 
 Jaquay v. Principi,
 
 304 F.3d 1276 (Fed.Cir.2002) (en banc), in which this court reversed the decision on
 
 *1384
 
 which the Veterans Court relied in declining to find equitable tolling in this case. The parties disagree, however, as to whether this court may rule on the equitable tolling issue rather than remanding for the Veterans Court to make the ultimate decision with respect to that issue.
 

 The statute that governs our review of decisions of the Veterans Court, 38 U.S.C. § 7292, authorizes us to address legal issues but instructs us that ordinarily we may not address the application of law to the facts of a particular case.
 
 See
 
 38 U.S.C. § 7292(d)(2)(B) (“Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review ... a challenge to a law or regulation as applied to the facts of a particular case.”);
 
 Morgan v. Principi
 
 327 F.3d 1357, 1361 (Fed.Cir.2003) (authorizing review of a decision of the Veterans Court “on a rule of law”). The question whether equitable tolling applies in a particular case often involves, in part, the application of law to fact, because it frequently requires not only a decision as to what legal principle applies but also an assessment of the facts and a decision as to whether application of the governing legal principle to those facts requires that the limitations period be equitably tolled.
 
 See, e.g., Leonard v. Gober,
 
 223 F.3d 1374, 1376 (Fed.Cir.2000). However, when the material facts are not in dispute and the adoption of a particular legal standard would dictate the outcome of the equitable tolling claim, this court has treated the question of the availability of equitable tolling as a matter of law that we are authorized by statute to address.
 
 See Jaguay v. Principi
 
 304 F.3d 1276, 1289 (Fed.Cir.2002) (en banc);
 
 Santana-Venegas v. Principi
 
 314 F.3d 1293, 1298 (Fed.Cir.2002). As the court explained in
 
 Santana-Venegas:
 

 We hold as a matter of law that a veteran who misfiles his or her notice of appeal at the same [regional office] from which the claim originated within the 120-day judicial appeal period of 38 U.S.C. § 7266, thereby actively pursues his or her judicial remedies, despite the defective filing, so as to toll the statute of limitations. Thus, Mr. Santana-Venegas’ filing of his notice of appeal at the same [regional office] from which his claim arose within the 120-day judicial appeal period of 38 U.S.C. § 7266 triggered equitable tolling, and the Veterans Court’s dismissal for lack of jurisdiction of the appeal as being untimely was erroneous.
 

 314 F.3d at 1298. With respect to the issue of our jurisdiction, this case is similar to
 
 Jaguay
 
 and
 
 Santana-Venegas,
 
 and we therefore are authorized to address Mr. Bailey’s equitable tolling claim on the same basis that we addressed the equitable tolling claims in those two cases.
 

 Ill
 

 Since the decision in
 
 Bailey v. West,
 
 160 F.3d 1360 (Fed.Cir.1998) (en banc), this court has consistently held that equitable tolling applies to veterans cases in which the would-be appellant has misfiled or misdirected the notice of appeal. In
 
 Jaguay,
 
 we held that equitable tolling applies when a veteran misfiles a request for reconsideration with the regional office from which the claim originated rather than with the Board of Veterans’ Appeals. 304 F.3d at 1288-89. In
 
 Santana-Venegas,
 
 we held that equitable tolling applies to a veteran whose private representative files a notice of appeal with the regional office from which the claim originated rather than with the Veterans Court. 314 F.3d at 1297-98. We held that once a veteran takes the affirmative act of seeking redress through a filing with the regional office from which the claim originated,
 
 *1385
 
 rather than with the Veterans Court, “the filing of the misdirected paper itself satisfies'the diligence requirement as a matter of law.” •
 
 Id.
 
 at 1298. (quoting
 
 Jaquay,
 
 304 F.3d at 1288).
 

 The only difference between the equitable tolling issue raised in Mr. Bailey’s case and the issues raised in
 
 Jaquay
 
 and
 
 San-tanar-Venegas
 
 is that Mr. Bailey used an incorrect form to serve as his notice of appeal.' That distinction is not legally significant for purposes of- analyzing the doctrine of equitable tolling in the context of this case, however, because there is no material difference between using the incorrect form as a notice of appeal and directing the notice of appeal to the wrong forum. As long as the veteran’s intention is clear and the .DVA is put on notice of his intention to seek further review of his claim, an error in the form or in the office to which it is sent, or both, is not sufficient to render the filing ineligible
 
 for
 
 consideration under the equitable tolling doctrine.
 

 We conclude that the Veterans Court misconstrued 38 U.S.C. § 7266(a) when it dismissed Mr. Bailey’s appeal as untimely based on precedent that we have since reversed. We hold that, as a matter of law, a veteran who- attempts to file a notice of appeal by completing a document that is clearly intended to serve as a notice of appeal and who has that document delivered to the regional office from which the veteran’s claim originated within the 120-day statutory period for appeal is entitled to invoke the doctrine- of equitable tolling. Based on that legal' determination, we conclude that Mr. Bailey is entitled to invoke equitable tolling. We therefore reverse the dismissal order and remand this case to the Veterans Court for further proceedings.
 

 REVERSED and REMANDED.