**William BRANDENBURG, Jr.,**
**Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of**
**Veterans Affairs, Respondent–**
**Appellee.**

**No. 03–7203.**

United States Court of Appeals,
Federal Circuit.

June 15, 2004.

---

Jeany C. Mark, Lieberman & Mark, of Washington, DC, argued for claimant-appellant.

John N. Kane, Jr., Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; Todd M. Hughes, Assistant Director; and Brian S.

Smith, Attorney. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge, RADER and PROST, Circuit Judges.

MAYER, Chief Judge.

William Brandenburg, Jr. appeals the order of the United States Court of Appeals for Veterans Claims dismissing as untimely his appeal from the Board of Veterans' Appeals, which denied both his claim for service connection for various disabilities and his motion for reconsideration. *Brandenburg v. Principi*, No. 03–0016, 2003 WL 21306580 (Vet.App. May 29, 2003). Because a letter Brandenburg sent to the board may have sufficed as a timely notice of appeal tolling the applicable statutory filing period, we reverse and remand.

### Background

Brandenburg served in the United States Army from June 1938 to June 1941, from June 1941 to January 1946, and from April 1951 to December 1953. On February 10, 1995, he filed a claim with the Department of Veterans Affairs ("VA") seeking service connection for various ailments allegedly stemming from mustard gas exposure. On July 17, 1995, the VA Regional Office denied his claim, and the board affirmed the denial on July 30, 1997. In April 1998, Brandenburg submitted additional evidence to support his claim, but on May 19, 1998, the Regional Office again denied it. On appeal, the board concluded on July 20, 2001, that Brandenburg had submitted new and material evidence that warranted reconsideration, but that the new evidence was insufficient to support his claim for service connection. Brandenburg then timely filed a request that the board reconsider its decision, which it denied on May 22, 2002.

On September 10, 2002, 112 days after his request for reconsideration was denied, Brandenburg asserts he sent a letter to the board indicating his intent to appeal. On October 3, 2002, the Regional Office notified Brandenburg that he should file his notice of appeal with the Veterans' Court, and he subsequently complied, filing on January 2, 2003. On May 29, 2003, the court dismissed the appeal as untimely, stating that no notice of appeal was filed with the court within 120 days of the board's decision as required by 38 U.S.C. § 7266(a), and that the principle of equitable tolling set out in *Santana–Venegas v. Principi*, 314 F.3d 1293 (Fed.Cir.2002), did not apply in instances where a notice of appeal is timely misfiled with the board instead of the Regional Office.

### Discussion

Though we have exclusive jurisdiction to review decisions of the Veterans' Court, that jurisdiction is limited. 38 U.S.C. § 7292 (2000); *Santana–Venegas*, 314 F.3d at 1296. We are authorized "to address legal issues," but "ordinarily we may not address the application of law to the facts of a particular case." *Bailey v. Principi*, 351 F.3d 1381, 1384 (Fed.Cir.2003) (citing 38 U.S.C. § 7292(d)(2)(B)). Questions surrounding the applicability of equitable tolling principles frequently involve the application of law to the facts of the case. "However, when the material facts [of a case] are not in dispute and the adoption of a particular legal standard would dictate the outcome of the equitable tolling claim, [we] treat[ ] the question of the availability of equitable tolling as a matter of law that we are authorized by statute to address." *Bailey*, 351 F.3d at 1384 (citing *Jaquay v. Principi*, 304 F.3d 1276, 1289 (Fed.Cir. 2002) (en banc); *Santana–Venegas*, 314 F.3d at 1298).

Here, there are no material facts in dispute. The Veterans' Court stated that "[r]egardless of whether the appellant's September 2002 letter to the Board meets the requirements of a notice of appeal, it does not toll the appeal period in accordance with *Santana–Venegas* ... because it was misfiled with the Board and not the [Regional Office]." Consequently, the only issue before us is the propriety of adopting a particular legal standard—namely, whether equitable tolling may apply when an appellant timely misfiles a notice of appeal to the Veterans' Court with the Board of Veterans' Appeals. We hold that it may.

In other factual settings, equitable tolling may suspend the filing deadline of 38 U.S.C. § 7266. In *Santana–Venegas,* the 120–day deadline was tolled when instead of timely filing a notice of appeal with the Veterans' Court, the appellant timely misfiled with the Regional Office at which the claim originated. 314 F.3d at 1298. In *Jaquay,* we applied equitable tolling to an instance where a veteran timely misfiled a motion for reconsideration with the Regional Office instead of with the board. In *Bailey,* we held that the filing deadline may be equitably tolled where the veteran timely misfiles a notice of appeal with the Regional Office, even when an incorrect form is used as notice. 351 F.3d at 1385.

Admittedly, these scenarios all involve timely misfilings with the Regional Office rather than with the Board of Veterans' Appeals, but whether equitable tolling applied in each case did not hinge on that particularity. Instead, the focus was whether the veteran "exercised due diligence in preserving his legal rights," *Jaquay,* 304 F.3d at 1287 (quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)), and whether "the veteran's intention is clear and the [VA] is put on notice of his inten-

tion to seek further review of his claim." *Bailey,* 351 F.3d at 1385. If the veteran meets both criteria, "an error in the form or in the office to which [notice] is sent, or both, is not sufficient to render the filing ineligible for consideration under the equitable tolling doctrine." *Id.* For these purposes, there is no meaningful difference between the Regional Office and the board.

### Conclusion

Accordingly, we reverse the dismissal order and remand the case to the United States Court of Appeals for Veterans Claims for further proceedings.

*REVERSED AND REMANDED.*