# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-1970

ANTHONY HUNT, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided     December 13, 2006   )

*Anthony Hunt, pro se.*

*William L. Puchnick,* with whom *Tim S. McClain,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Brian B. Rippel*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, DAVIS, and SCHOELEN, *Judges.*

SCHOELEN, *Judge*:  The pro se appellant, Anthony Hunt, appeals an October 15, 2004, Board of Veterans' Appeals (Board) decision that dismissed his request to reopen a previously disallowed psychiatric-disability claim based on the submission of new and material evidence and denied entitlement to vocational rehabilitation subsistence allowance.  Record (R.) at 1-10.  This appeal is timely and the Court has jurisdiction to review the Board decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  At issue in this case is whether the statutory time frame for submitting a Substantive Appeal may be subject to equitable tolling when a claimant misfiles his Substantive Appeal with the Board instead of the RO where his claim originated. For the reasons set forth below, the Court will vacate the Board's October 2004 decision and remand the matters for readjudication consistent with this decision.

## I.  FACTS

Mr. Hunt served in the U. S. Air Force from December 1973 to February 1975.  R. at 14.  In June 1983, Mr. Hunt filed a service-connection claim for a "nervous condition," which he asserted

first manifested in 1974. R. at 58. In September 1983, a VA regional office (RO) denied his claim. R. at 74. In March 1994, Mr. Hunt submitted a claim seeking service connection for, among other things, "neurological disorder, severe depression, migraines, blurry vision, gaps in memory, dizziness, unexplainable rage once triggered," all of which he asserted first manifested in 1974. R. at 141. In December 1994, an RO notified him that his claim for depression was previously considered and denied, and if he wished to reopen that claim, he would need to submit new and material evidence. R. at 146. Mr. Hunt filed a Notice of Disagreement (NOD), as to his service-connection claim for a psychiatric disorder and the RO issued a Statement of the Case (SOC) in which the RO noted that "Mr. Hunt has applied for, and been denied, service connection for the nervous condition. . . . [H]e has no disabilities that are related to active military service." R. at 155. The only issue listed on this SOC, however, was entitlement to vocational rehabilitation benefits. R. at 153.

In November 1996, Mr. Hunt requested that the RO "reconsider entitlement to [service connection] for [a] nervous [condition]." R. at 198. Shortly thereafter, the RO issued a Supplemental Statement of the Case (SSOC) on the issue of Mr. Hunt's entitlement to vocational rehabilitation benefits. R. at 265. In November 1997, the RO denied Mr. Hunt's request to reopen his service-connection claim for a psychiatric disorder because the evidence he submitted was "merely cumulative" of the evidence of record. R. at 315.

In June 1998, the Board denied, as a matter of law, Mr. Hunt's claim for vocational rehabilitation benefits. The Board determined that, because Mr. Hunt did not have any disabilities that were service connected, he did not "meet the basic prerequisite legal criteria for Chapter 31 [vocational rehabilitation] benefits." R. at 368. Additionally, the Board concluded that it lacked jurisdiction over his request to reopen his previously disallowed service-connection claim for a psychiatric disorder because Mr. Hunt had not yet filed an NOD as to the November 1997 RO decision addressing that claim. R. at 369.

In April 1999, Mr. Hunt appealed the June 1998 Board decision to the Court. In August 1999, the Court concluded that the RO had denied the appellant's claim to reopen in December 1994, that the appellant had filed a timely NOD as to that decision in January 1995, and that the RO had not issued an SOC as to his service-connection claim for a psychiatric disorder.

2

R. at 421.  The Court vacated the Board decision and remanded the case for issuance of an SOC as to his service-connection claim for a psychiatric disorder.  *Id*.  The Court also ordered readjudication of the vocational rehabilitation claim following resolution of the pending claim for service connection for a mental disorder.  *Id*.

In October 2000, the Board remanded the case to the RO, instructing the RO to issue an SOC regarding the December 1994 determination that new and material evidence had not been submitted to reopen the service-connection claim for a psychiatric disability.  R. at 473, 509.  The Board also instructed Mr. Hunt that once the RO issued the SOC, in order to preserve his appellate rights, he must then file a timely Substantive Appeal.  The RO issued the SOC on November 15, 2000.  R. at 481.  Mr. Hunt's Substantive Appeal was postmarked January 11, 2001, and date-stamped as received by the Board on January 17, 2001.  R. at 486-96.  The Board then mailed the Substantive Appeal to the RO from which the claim originated.  On February 8, 2001, the RO notified him it was forwarding his appeal to the Board for adjudication.  R. at 505.

On April 25, 2001, the Board issued a decision (1) dismissing Mr. Hunt's appeal of the December 1994 denial of his request to reopen his service-connection claim on the basis that he failed to file a timely Substantive Appeal, and (2) denying, as a matter of law, his claim for vocational rehabilitation benefits.  R. at 510-12.  Mr. Hunt again appealed to the Court.  R. at 543.

On May 7, 2002, the parties filed a joint motion for remand (JMR), which the Court granted.  R. at 543, 551.  The motion indicated that the Substantive Appeal was postmarked on January 11, 2001, within the 60-day appeal period from the issuance of the November 15, 2000, SOC, and filed with the Board on January 17, 2001.  R. at 546.  The motion stated that the Board should consider whether the timely postmarked Substantive Appeal that was filed with the Board constituted a timely filed Substantive Appeal.  R. at 547.

In July 2003, the Board remanded the issue to the RO to determine whether Mr. Hunt's filing the Substantive Appeal with the Board rather than the RO resulted in a timely filing pursuant to 38 C.F.R. § 20.300 (2003).  The RO determined that, because Mr. Hunt mailed his Substantive Appeal to the Board rather than the RO, his appeal was not timely filed and that the decision became final.  R. at 610-11.

Mr. Hunt timely appealed the RO's decision to the Board. R. at 619-27, 630, 1-10. In its October 15, 2004, decision, the Board acknowledged the parties' conclusion in the JMR that the appellant's Substantive Appeal was mailed on January 11, 2001; however, the Board determined that because Mr. Hunt mailed the appeal to the Board instead of the agency of original jurisdiction, under 38 C.F.R. § 3.302(b) (2004), his appeal was not timely filed. R. at 7. The Board then dismissed the request to reopen based on lack of jurisdiction, and denied the claim for vocational rehabilitation benefits on the basis that Mr. Hunt did not have any service-connected disabilities, which is a statutory requirement for vocational rehabilitation benefits under 38 U.S.C. §§ 3101 and 3102. R. at 9-10.

On appeal, Mr. Hunt makes three assertions of error. First, he contends that by mailing his Substantive Appeal to the Board rather than the RO, VA had actual or constructive notice of his intent to appeal, and the date of receipt of his Substantive Appeal at the RO should not control the Board's finding as to whether his appeal was timely. Appellant's Informal Brief (App. Inf. Br.) at 2; Supplemental (Suppl.) R. at 1 (copy of envelope containing Substantive Appeal, postmarked January 11, 2001). Second, he asserts that VA failed to provide him with evidence he requested, mainly his claims file with service records, and that VA failed to obtain evidence that he had requested VA obtain. Finally, he asserts that the Board's interpretation of chapter 31, title 38 of the U.S. Code, is erroneous and he is entitled to vocational rehabilitation benefits.

In response, the Secretary maintains that a remand is warranted regarding the timeliness of the appellant's Substantive Appeal; specifically, he asserts that the Board's decision incorrectly stated that the envelope containing the appellant's Substantive Appeal was not of record, and thus, the Board's conclusions are not adequate for judicial review. Secretary's Brief (Sec'y Br.) at 10-11. The Secretary further argues that the Board's decision that the appellant was not entitled to vocational rehabilitation assistance should be affirmed because the appellant is not service connected for any disability as required by statute. Sec'y Br. at 12.

4

## II. ANALYSIS

### A. Equitable Tolling and Substantive Appeals

Section 7105 provides that "[a]ppellate review will be initiated by an [NOD] and completed by a [S]ubstantive [A]ppeal after [an SOC] is furnished[.]" 38 U.S.C. § 7105(a). "Such notice, and appeals, must be in writing and be filed with the activity which entered the determination with which disagreement is expressed (hereinafter referred to as 'the agency of original jurisdiction')." 38 U.S.C. § 7105(b)(1). To complete the appeal process, the claimant must file "a formal appeal" within 60 days from the date the SOC is mailed. 38 U.S.C. § 7105(d)(3). The 60-day period "may be extended for a reasonable period on request for good cause shown. . . . The agency of original jurisdiction may close the case for failure to respond after receipt of the [SOC], but questions as to timeliness or adequacy of response shall be determined by the Board of Veterans' Appeals." *Id.* The Secretary, pursuant to 38 U.S.C. § 7105, promulgated regulations at 38 C.F.R. §§ 20.300, 20.302(b), which govern the filing of Substantive Appeals. These provisions mirror those set forth in the statute.

Whether the statutory deadline for filing a Substantive Appeal is subject to equitable tolling is a question of law that the Court reviews de novo. 38 U.S.C. § 7261(a)(1); *see Smith v. Gober*, 14 Vet.App. 227, 230 (2000) (stating that the Court reviews questions of law de novo without any deference to the Board's conclusions); *cf. Bailey v. Principi*, 351 F.3d 1381, 1384 (Fed. Cir. 2003) (holding that issue of whether the 120-day judicial-appeal period prescribed by 38 U.S.C. § 7266(a) for seeking judicial review of a Board decision is subject to equitable tolling is a legal question). Based on the following, we conclude that equitable tolling is applicable in such cases.

In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), the Supreme Court decided on a "general rule to govern the applicability of equitable tolling in law suits against the [Federal] Government." *Id*. at 94. The Supreme Court held that, even though statutory time limits governing suits against the Federal government involve congressional waivers of sovereign immunity, which were to be strictly construed, allowing the rule of equitable tolling to apply to suits against the Federal Government in the same manner that it applied in private suits, "amounted to little, if any, broadening of the congressional waiver." *Id*. at 95. The Supreme Court also held that equitable tolling of statutory time limits for bringing suits against the Federal government would be allowed

in carefully prescribed circumstances such as where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or (2) where the [claimant] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Finally, the Supreme Court clarified that principles of equitable tolling do not extend to "what is at best a garden variety claim of excusable neglect." *Id*. at 96.

In *Bailey v. West*, 160 F.3d 1360, 1367 (Fed. Cir. 1998), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that, in light of the Supreme Court's holding in *Irwin*, it was overruling previous cases in which it had held that equitable tolling was unavailable to toll the 120-day statutory time limit set forth in 38 U.S.C. § 7266(a) for seeking review in this Court of final Board decisions. *Id*. In a series of subsequent cases, the Federal Circuit held that the time limit in section 7266(a) would be equitably tolled where the appellant misfiled his Notice of Appeal (NOA). For example, in *Jaquay v. Principi*, 304 F.3d 1276 (Fed. Cir. 2002), the Federal Circuit considered whether equitable tolling applies when a veteran misfiles a motion for reconsideration of a Board decision at the RO instead of the Board. In our underlying decision, *Jaquay v. Principi*, 11 Vet.App. 67 (1998), we determined that equitable tolling did not apply when a claimant timely filed a motion for reconsideration of a Board decision, but filed it with the agency of original jurisdiction rather than with the Board, as required by 38 C.F.R. § 20.1001(b). In reaching this determination, the Court discussed 38 C.F.R. § 20.1001(b), which mandates that claimants file a motion for reconsideration with the Board, and concluded that, because the authorizing statute did not expressly address where such motions should be sent, the Secretary's actions in regulating were permissible, and the result reached was reasonable. *Jaquay*, 11 Vet.App. at 70.

On appeal, the Federal Circuit stated that "[i]n the context of the non-adversarial, paternalistic, uniquely pro-claimant veterans' compensation system, and consistent with our decision in *Bailey*, [160 F.3d 1370], the availability of equitable tolling pursuant to *Irwin* [*v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)] should be interpreted liberally with respect to filings during the non-adversarial stage of the veterans' benefits process." *Jaquay,* 304 F.3d. at 1288. The Federal Circuit was persuaded, in part, because "[m]isfiling cases within the veterans' [appellate] system are unlike the typical late-filing cases where the limitations period expires before the would-be claimants perform any action to preserve their legal rights." *Id*. For these reasons, the Federal Circuit held that

6

"the diligence requirement is more relaxed for cases where the claimant filed a pleading in the wrong place as opposed to filing it after a statutory deadline. . . . *The filing of the misdirected paper itself satisfies the diligence requirement as a matter of law."* *Id.* at 1287-88 (emphasis added). Thus, relying on the standard set forth in *Irwin, supra,* the Federal Circuit applied equitable tolling where the appellant misfiled his motion for reconsideration of a Board decision with the RO from which his claim originated instead of with the Board, as required by VA regulation.

In *Jaquay,* the location for submission of a motion for reconsideration of a Board decision was specified in a VA regulation. In *Santana-Venegas* v. *Principi*, 314 F. 3d 1293 (Fed. Cir. 2002), the Federal Circuit extended the holding in *Jaquay*, to allow equitable tolling where the claimant, contrary to statute, filed his NOA to this Court with the RO from which his claim originated. The Federal Circuit held that "[i]n the context of the non-adversarial, manifestly pro-claimant veterans' benefits system, . . . misfiling a notice of appeal at the VARO from which the claim originated shows that the claimant seeks redress before the Secretary despite the claimant's mistaken belief as to the accuracy of the filing location and does not involve 'a garden variety claim of excusable neglect.'" *Id*. at 1297-98 (quoting *Irwin*, 498 U.S. at 96).

In *Brandenburg v. Principi*, 371 F.3d 1362, 1364 (Fed. Cir. 2004), the Federal Circuit again extended the holding in *Jaquay*, to allow for equitable tolling where the claimant, also contrary to statute, filed his NOA with the Board. The Federal Circuit held that "determining whether equitable tolling applie[s] in each case [does] not hinge on [where the document is filed]. Instead, the focus [is] whether the veteran 'exercised due diligence in preserving his legal rights' and whether 'the veteran's intention is clear and the [VA] is put on notice of his intention to seek further review of his claim.' . . . For these purposes, there is no meaningful difference between the [RO] and the [B]oard." *Brandenburg*, 371 F.3d at 1364 (quoting *Jaquay*, 304 F.3d at 1287, and *Bailey*, 351 F.3d at 1385).

It is clear from the law developed by the Federal Circuit that in cases involving an appellant who misfiles his NOA at a place other than this Court, three criteria must be satisfied before equitable tolling may be allowed: (1) the claimant must have exercised due diligence in pursuing his legal rights; (2) the misfiled document must reveal a clear intention by the claimant to seek further review; and (3) the misfiled document must put VA on notice of the claimant's intention. *See Brandenburg, supra; Jaquay,* 304 F.3d at 1287-89.

7

We recognize that the deadline for filing Substantive Appeals involves a statutory provision different from the one governing the deadline for filing NOAs in this Court. Accordingly, it is not a foregone conclusion that the deadline for Substantive Appeals should be subject to equitable tolling simply because this Court and the Federal Circuit have recognized that the NOA deadline may be subject to equitable tolling. Nonetheless, we conclude, just as the Federal Circuit concluded in *Bailey*, 160 F.3d. at 1367, with regard to 38 U.S.C. § 7266, that there is nothing in the limited legislative history of 38 U.S.C. § 7105(d)(3) that would preclude equitable tolling in this instance. *Cf. Rowell v. Principi*, 4 Vet.App. 9, 17 (1993) (noting the discretionary language of section 7105(d) and holding that "failure to file a timely [Substantive] Appeal does not automatically foreclose an appeal, render a claim final, or deprive the [Board] of jurisdiction").

Thus, the same principles that guided the Federal Circuit in allowing equitable tolling of the deadline for filing appeals to this Court apply with equal force to tolling the deadline for filing Substantive Appeals. In fact, the circumstances supporting the application of equitable tolling principles are even more compelling here (where the filing was within the same agency as the statute mandates) than in the *Jaquay* line of cases, where the filing was directed to VA rather than to a separate, independent Federal appellate court.

Further, allowing equitable tolling of the deadline for filing the Substantive Appeal is in keeping with the Court's recognition of the nonadversarial, uniquely pro-veteran claims process within VA. *Cf. Barrett v. Nicholson*, 466 F.3d 1038, 1044 (Fed. Cir. 2006) (stating that "'the importance of systemic fairness and the appearance of fairness carries great weight'" within the nonadversarial veterans benefits system (quoting *Hodge v. West*, 155 F.3d 1356, 1363 (Fed. Cir. 1998)) and that "[t]he [G]overnment's interest in veterans cases is not that it shall win, but rather that justice shall be done"). Clearly, the Board's treatment of Mr. Hunt's Substantive Appeal as untimely because it was misfiled within VA ignores the nonadversarial, paternalistic nature of the claims process within VA. Extending the principles of equitable tolling to the Substantive Appeal deadline is consistent with the Federal Circuit's pronouncement in *Jaquay* that "the availability of equitable tolling pursuant to *Irwin* should be interpreted liberally with respect to filings during the nonadversarial stage of the veterans' benefits process." *Jaquay,* 304 F.3d at 1288.

Our conclusion that equitable tolling is applicable to the Substantive Appeal filing deadline is buttressed also by the fact that when the Federal Circuit reached its holding in *Jaquay*, it did so in light of the canon of statutory construction that statutes involving waivers of sovereign immunity are to be strictly construed. Here, the statutory deadline for filing a Substantive Appeal does not implicate a waiver of sovereign immunity; therefore, this Court is not bound by the narrow standard of statutory interpretation that the Federal Circuit faced in *Jaquay*. Accordingly, given these considerations, there is no reason for this Court to hold that the statutory filing deadline for Substantive Appeals is not subject to equitable tolling.

There is no factual dispute that Mr. Hunt's Substantive Appeal was received by the Board within the filing period. The Board considered Mr. Hunt's Substantive Appeal untimely because of his error in misfiling it with the Board, and because the Board could not locate the envelope in which it was mailed to confirm the January 11, 2001, postmark, although the postmark date was conceded in the JMR. Since the Board's decision, however, the envelope has been located and the record on appeal has been supplemented. *See* Suppl. R. at 5 (envelope, addressed to the Board, postmarked January 11, 2001). The Secretary, in his brief, has conceded that the appeal was mailed, and postmarked on January 11, 2001. *See* Sec'y Br. at 7; *see also Auer v. Robbins*, 519 U.S. 452, 461-62 (1997) (relying on litigation documents to determine agency's position). Thus, it appears the relevant facts are no longer in dispute, and the Court may take judicial notice of the January 11, 2001, postmarked envelope that contained the appellant's Substantive Appeal. *See Smith (Brady) v. Derwinski*, 1 Vet.App. 235, 238 (1991) ("Courts may take judicial notice of facts not subject to reasonable dispute."); *see also Crain v. Principi*, 17 Vet.App. 182, 189 (2003) (taking judicial notice of Zip Code numbers for different cities, as available on the U.S. Postal Service's Web site).

Here, the prerequisites for the application of equitable tolling have been satisfied. The diligence requirement was met when Mr. Hunt misfiled his Substantive Appeal with the Board instead of with the RO that first addressed his claim. The Board, recognizing it as such, forwarded it to that RO for the appropriate processing. Thus, it is clear to the Court, based on the Board's forwarding of the document, that VA understood Mr. Hunt's intent in filing the document – that is, "to seek further review of [his] claim." *Bailey*, 351 F.3d at 1385; *see Brandenburg*, 371 F.3d

9

at 1364. Finally, Mr. Hunt's Substantive Appeal, though misfiled, put VA on notice of his intent to seek further review of the RO decision. Thus, the principle of equitable tolling is applicable here. Furthermore, based on the foregoing analysis, we need not remand for the Board to apply the principle in the first instance. Given our determination that equitable tolling applies in this instance, and because the relevant facts are no longer in dispute, we will reverse the Board's determination that Mr. Hunt's Substantive Appeal as to the RO's refusal to reopen his service-connection claim for a psychiatric disability was not timely filed.

## B. Entitlement to Vocational Rehabilitation Benefits

Although the Secretary maintains that the Board's decision regarding entitlement to vocational rehabilitation benefits should be affirmed, the Court cannot agree. The issue of entitlement to vocational rehabilitation benefits is dependent upon whether the Board reopens and grants the appellant's claim for service connection for a psychiatric disorder. Therefore, these issues are "inextricably intertwined." *Bagwell v. Brown*, 9 Vet.App. 337, 339-40 (1996); *see Harris v. Derwinski*, 1 Vet.App. 180, 183 (1991). Accordingly, the Court also will vacate the Board's denial of vocational rehabilitation benefits and remand the matter for readjudication consistent with this decision. Upon remand, Mr. Hunt is free to argue this issue, and present any additional evidence and arguments to the Board, and the Board is required to consider them. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002); *Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999) (per curiam order). The Secretary is expected to provide expeditious treatment of these matters pursuant to 38 U.S.C. §§ 5109B, 7112.

## III. CONCLUSION

After consideration of the appellant's and the Secretary's briefs, and a review of the record on appeal, the Board's October 15, 2004, decision is REVERSED to the extent that it determined Mr. Hunt did not timely file his Substantive Appeal of the RO's refusal to reopen his claim for service connection for a psychiatric disability, VACATED to the extent it determined that Mr. Hunt was not entitled to vocational rehabilitation benefits, and both matters are REMANDED for readjudication consistent with this decision.