REYNA, Circuit Judge,
dissenting.
The majority concludes that equitable tolling does not apply in Mr. Toomer’s case primarily because the equitable tolling analysis requires us to impermissibly reweigh factual findings made by the Board of Veterans’ Appeals (“Board”). I respectfully dissent.
I. Equitable Tolling is a Legal Question Where Material Facts are Undisputed
When reviewing decisions of the United States Court of Appeals for Veterans Claims (“Veterans Court”), we are statutorily constrained from considering pure questions of fact, or the application of law to fact. 38 U.S.C. § 7292(d)(2).
A well-recognized exception to this rule exists in the context of equitable tolling. In Bailey v. Principi we held that when the material facts are not in dispute and the adoption of a particular legal standard of review, such as the rule preventing our review of questions of fact or the application of law to fact, would dictate the result, “this court has treated the question of the availability of equitable tolling as a matter of law that we are authorized by statute to address.” 351 F.3d 1381, 1384 (Fed.Cir.2003) (emphasis added); accord Brandenburg v. Principi 371 F.3d 1362, 1363 (Fed.Cir.2004); Wood v. Peake, 520 F.3d 1345, 1349 (Fed.Cir.2008).
The material facts in this case are not in dispute. The Board issued a decision in Mr. Toomer’s case on June 2, 2009, but that decision was not received by Mr. Toomer. Mr. Toomer-called the Department of Veterans Affairs (“VA”) to inquire about the status of his case, informing the VA that he had not received a decision. Prompted by that call, the VA mailed a package to Mr. Toomer that included a cover letter, a copy of the Board’s decision, and a notice of appellate rights. The cover letter was machine stamped with the date of August 4, 2009. The copy of the Board’s decision, however, had an informally-styled date (“6/02/09”) handwritten at an angle on its first page. The notice of appellate rights set forth standard boilerplate instructions, stating, “You have 120 days from the date this decision was mailed to you (as shown on the first page of this decision) to file a Notice of Appeal with the Court.” J.A. 21 (emphasis added). At the time the VA mailed the copy of the decision to Mr. Toomer, 72 of the 120 days provided in 38 U.S.C. § 7266(a) to file an appeal had elapsed. Mr. Toomer filed his notice of appeal on October 28, 2009, 85 days after the VA mailed the copy of the Board’s decision to him and, thus, within 120 days of the date on the first page of the package containing the copy of the decision, August 4,2009.
Because there are no material facts in dispute in this case, the question of equitable tolling is one we can, and here must, review. See Bailey, 351 F.3d at 1384. Such review would not involve improper *1241 reweighing of facts and is properly within the powers of this court.
II. The Government’s Confusing Statements Justify Equitable Tolling
As the majority recognizes, a veteran seeking to invoke equitable tolling must establish both diligence in pursuing his rights and extraordinary circumstances standing in his way. Sneed v. Shinseki, 787 F.3d 719, 725 (Fed.Cir.2013). The majority does not suggest that Mr. Toomer did not meet the diligence prong of equitable tolling. See Maj. Op. at 1238. As such, all that remains is a showing of exceptional circumstances before equitable tolling may be properly applied. Numerous facts point to the existence of exceptional circumstances in Mr. Toomer’s case.
A. The Allotted Time To Appeal Was Greatly Reduced
Mr. Toomer received a copy of the Board’s decision after more than half of the filing period had elapsed. The accompanying notice of appellate rights explained that he would have 12Q days from the date “this decision” was mailed to him to file his appeal. J.A. 21. The rules permit 120 days to appeal. A legally unsophisticated veteran may require a significant amount of time, as much as the entire 120 days, to consider the decision, research the law, evaluate the merits of an appeal, and prepare and file the notice of appeal. To the extent Congress deems that the entire statutorily-provided period as neces-sai-y for all of these steps, cutting that time by more than half, as the majority does here, casts doubt on the sufficiency of the resultant filing period. The majority does not state why the shortened period should be deemed sufficient for this particular veteran.
There is no evidence that Mr. Toomer was less than diligent, as he filed his appeal 85 days after the copy of the decision was mailed to him, well within the otherwise applicable 120-day period. Where a claimant acts with diligence to do everything that could reasonably be expected of him, and the untimely filing is beyond his control, the untimely filing should not bar the claim. Herring v. Merit Sys. Prot. Bd., 778 F.3d 1011, 1016-18 (Fed.Cir.2015) (reversing dismissal of appeal for untimely filing where claimant relied on misleading statements made by her counsel). Such diligence suggests that but for his confusion as to the date his appeal was due, generated by the government, Mr. Toomer would have timely filed his appeal.
B. The VA’s Communication With Mr. Toomer Was Confusing
Despite sending a personalized letter to Mr. Toomer, the VA neglected to inform him that the filing period ran from the date of the supposed mailing of the first decision, which Mr. Toomer never received. In the personalized letter, the VA acknowledged it was sending the copy of the decision in response to Mr. Toomer informing the agency that he did not receive the original decision.[1] J.A. 24. The letter contained highly specific information, including the precise date on which Mr. Toomer requested the original decision from the VA. Id. This letter was accompanied by the boilerplate language in the notice of appellate rights, indicating the filing period would begin to run on the *1242 date “this decision” was mailed to Mr. Toomer. In spite of the VA’s personalized communication, it failed to alert Mr. Toomer that the start of the running of the filing period was unaffected by his non-receipt of the original decision. This error was compounded by the VA’s failure to explain that “this decision” actually referred to the previously mailed decision.
Mr. Toomer was misled by the muddled, conflicting official statements by the government, wherein two dates from which to appeal were communicated to him. The inconsistent language in the notice of appellate rights could easily confuse a fastidious lawyer. In this case, the government’s inconsistent statements confused a lay veteran, Mr. Toomer. The resulting confusion was of the government’s making and, as such, should not be held against an otherwise diligent, involved veteran.
C. The Majority Constrains Equitable Tolling To A Closed Set Of Factual Patterns
This court has rejected the “suggestion that equitable tolling is limited to a small and closed set of factual patterns and that equitable tolling is precluded if a veteran’s case does not fall within those patterns.” Mapu v. Nicholson, 397 F.3d 1375, 1380 (Fed.Cir.2005). We have highlighted the need to be flexible in our inquiry, and to analyze each case individually. Sneed, 737 F.3d at 726 (quoting Holland v. Florida, 560 U.S. 631, 649-50, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)). The majority suggests it remains mindful not to limit equitable tolling to a small, closed set of factual patterns, Maj. Op. at 1238-39, but by declining to apply analogous precedent, it does just that.
In Bailey v. West, we held that equitable tolling is appropriate when a veteran’s untimely filing results from the government’s own misleading statements. 160 F.3d 1360 (Fed.Cir.1998). A Veterans Benefits Counselor at the regional office (“RO”) misrepresented to the veteran that timely filing a notice of appeal at the RO was sufficient to initiate the veteran’s appeal. Id. at 1361. Relying on the government’s statement, the veteran timely filed a notice of appeal at the RO, though that notice was not forwarded to the Veterans Court within the filing period. The VA notified the veteran that timely filing a notice of appeal at the RO does not protect his right of appeal. Id. at 1362. The veteran then filed an untimely notice of appeal with the Veterans Court. The Veterans Court dismissed the appeal for lack of jurisdiction on account of the untimely filing of the notice of appeal. Id.
The veteran in Bailey appealed the dismissal to this court. In analyzing whether equitable tolling applied, we explained that the veteran “was misled by the conduct of his adversary [the government] into allowing the filing deadline to pass” even though there was “no suggestion of misconduct” by the government. Id. at 1365. We concluded that the government’s misleading statements that caused the veteran to miss the filing deadline were sufficient to equitably toll the deadline, even absent evidence of any intent to mislead. Id.
Just as in Bailey, the government’s misleading statements in this case, made without intent to mislead, are sufficient to justify equitably tolling the 120-day filing period. Mr. Toomer asserts that he relied on the machine-stamped date on the cover letter because he believed the cover letter was part of the decision itself. His belief is not unreasonable given that the cover letter and the decision came in a packet together, and that the date on the cover letter bears an official appearance while the handwritten date does not. Using either date from which to calculate the filing deadline is . reasonable in this case. The *1243 instructions in the notice of appellate rights coul'd easily mislead Mr. Toomer to believe his filing period ended later than it actually did. While there is no evidence of intent by the government to mislead Mr. Toomer, the official, confusing instructions in the notice of appellate rights did exactly that. As a result, Mr. Toomer filed his notice of appeal 85 days after he received the copy of the Board’s decision. His filing occurred inside the 120-day period beginning on the date the copy was mailed, but outside the 120-day window beginning on the date of the supposed first mailing.
By refusing to apply equitable tolling on the facts of Mr. Toomer’s case, the majority narrowly circumscribes Bailey, limiting that decision’s reach to only affirmative misstatements by the government. Bailey teaches that misleading statements by the government support equitably tolling the period for appealing to the Veterans Court, even absent intent by the government to mislead the veteran. In any event, I believe that an application of the flexible, case-by-case analysis espoused, but not utilized, by the majority leads to the conclusion that the filing deadline should have been equitably tolled.
D. This Decision Will Produce Undesirable Results
Finally, the majority’s refusal to apply equitable tolling here will lead to absurd results in other eases. Suppose the initial mailing of the Board’s decision never arrives and the veteran contacts the VA after the 120-day filing period elapses. Even if the veteran filed an appeal on the day the Board’s decision was received, a mechanical application of 38 U.S.C. § 7266(a) would lead to a dismissal of that appeal. Under the majority’s opinion, equitable tolling would not apply because even in this scenario, the veteran would not be able to show exceptional circumstances. In short, the veteran would be left with no recourse at all. This cannot be the appropriate result given the remedial nature of veterans law.
The government’s misleading communications and the lapsing of more than half the filing period before the veteran received the Board’s decision clearly illustrate the existence of extraordinary circumstances in this case. Because the majority declines to equitably toll the filing statute, I respectfully dissent.

. I take no issue with the imposition of the presumption of regularity. This case is not about whether the VA actually mailed the initial decision, as it claims, but rather about two separate communications that, on their faces, provide conflicting, confusing information to Mr. Toomer regarding his right to appeal. To the extent the majority asserts the presumption of regularity forecloses consideration of equitable tolling, I dissent.