﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190619-10284
DATE: February 27, 2020

ORDER

A VA Form 9 (Substantive Appeal) having been timely filed as to a February 2019 Statement of the Case (SOC), reinstatement of the underlying appeal is granted.

FINDINGS OF FACT

1. A May 2019 VA Form 9 was submitted more than 60 days after the issuance of a February 14, 2019 statement of the case, and over one year after the mailing of the notice letters of the determinations being appealed.

2. The RO’s failure to timely inform the Veteran that a February 2019 Rapid Appeals Modernization Program (RAMP) opt-in form was not accepted is an extraordinary circumstance that justifies tolling of the deadline for filing a substantive appeal.

CONCLUSION OF LAW

The Substantive Appeal (VA Form 9) received by VA on March 23, 2019, in response to a February 2019 statement of the case, is accepted as timely. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 19.30, 20.200, 20.202, 20.302 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from March 1989 to December 1994.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 decision issued by a Department of Veterans Affairs (VA) Regional Office (RO), which determined that a May 2019 VA Form 9 was untimely. The Veteran timely appealed the June 2019 decision to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the AOJ. See June 2019 VA-Form 10182. 

The Board notes that the June 2019 VA-Form 10182 was submitted as a decision review request to a February 14, 2019 statement of the case. However, election into the modernized review system from a statement of the case is only available for SOCs issued on or after February 19, 2019. See 38 C.F.R. § 19.2. Moreover, as discussed in more detail below, although the Veteran attempted to opt-in to the RAMP program by submitting an opt-in form on February 18, 2019, the RO rejected the Veteran’s election and did not issue a RAMP rating decision to which the Veteran could have submitted a valid VA-Form 10182. However, in order to preserve the Veteran’s due process rights, the Board construes the June 2019 VA-Form 10182 as a request to review the RO’s June 2019 decision that the Veteran’s May 2019 VA Form 9 was not timely filed. See June 2019 Brief in Support of Veteran’s Claim (noting that the RAMP opt-in denial was issued to the Veteran after her 60-day opportunity to submit a substantive appeal to the statement of the case had passed, which created “an impossibility for timely substantive appeal” and requesting that the May 2019 VA Form 9 be accepted as timely).

Under VA regulations, an appeal consists of a timely filed written notice of disagreement and, after a SOC has been furnished, a timely filed Substantive Appeal. 38 C.F.R. § 20.200. A Substantive Appeal consists of a properly completed VA Form 9, or correspondence containing the necessary information. 38 C.F.R. § 20.202. A Substantive Appeal must be filed within 60 days from the date that the agency of original jurisdiction (AOJ) mails the SOC to the Veteran, or within the remainder of the one-year period from the date of mailing of the notification of the determination being appealed, whichever period ends later. 38 U.S.C. § 7105; 38 C.F.R. § 20.302 (b).

In Thurber v. Brown, the U.S. Court of Appeals for Veterans Claims (Court) noted that “VA’s nonadversarial claims system is predicated upon a structure which provides for notice and an opportunity to be heard at virtually every step in the process.” 5 Vet. App. 119, 123 (1993). The Court has tolled the time period for a VA claimant to act on an adverse RO’s decision in several instances when VA failed to comply with those due process rights or otherwise provide the claimant with information or material critical to the appellate process, including when VA failed to notify a claimant of the denial of a claim or to provide notice of appellate rights and where VA failed to issue the claimant a statement of the case. Indeed, the U.S. Court of Appeals for the Federal Circuit has indicated that the availability of equitable tolling “should be interpreted liberally with respect to filings during the nonadversarial stage of the veterans’ benefits process.” Jaquay v. Principi, 304 F.3d 1276, 1288 (Fed. Cir. 2002). 

The Court has also expressly held that equitable tolling of the deadline for filing a substantive appeal is available. Hunt v. Nicholson, 20 Vet. App. 519, 524 (2006). The Federal Circuit has explained that a determination as to whether equitable tolling is warranted is focused on whether the claimant “exercised due diligence in preserving his legal rights” and whether “the veteran’s intention is clear and the [VA] is put on notice of his intention to seek further review of his claim.” Brandenburg v. Principi, 371 F.3d 1362, 1364 (Fed. Cir. 2004). Equitable tolling is justified in “extraordinary circumstances.” McCreary v. Nicholson, 19 Vet. App. 324, 330 (2005). The following three requirements must be met: (1) the extraordinary circumstance must be beyond the claimant’s control, (2) the claimant must demonstrate that the untimely filing was a direct result of the extraordinary circumstances, and (3) the claimant must exercise “due diligence” in preserving his/her appellate rights such that a reasonably diligent appellant under the same circumstances also would not have filed a timely appeal. Id. at 332.

In addition to the availability of equitable tolling, the Board also observes that the substantive appeal itself may be waived explicitly or implicitly by VA. Percy v. Shinseki, 23 Vet. App. 37, 45 (2009).

Turning to the evidence of record, a May 2014 rating decision denied entitlement to service connection for eczema, and a March 2015 rating decision continued a 10 percent rating for a scar and denied entitlement to service connection for sleep apnea, headaches, and PTSD. The Veteran submitted a timely notice of disagreement to both rating decisions in April 2015. The AOJ issued a statement of the case on February 14, 2019. Four days after the issuance of the statement of the case, on February 18, 2019, the Veteran submitted a Rapid Appeals Modernization Program (RAMP) opt-in form and requested the supplemental claim option. On April 16, 2019, the AOJ informed the Veteran that her RAMP opt-in could not be processed because she did not “have an appeal pending that qualified for processing under RAMP.” In response, on May 23, 2019, the Veteran submitted a VA Form 9, along with a request that the VA Form 9 be accepted as timely in light of the delay in informing the Veteran that her RAMP opt-in was not accepted. In a June 2019 administrative decision, the AOJ found that the May 2019 VA Form 9 was untimely. 

On review, the Board finds that extraordinary circumstances beyond the Veteran’s control prevented her from filing a timely substantive appeal despite her exercise of due diligence in preserving her appellate rights. Specifically, within four days of the issuance of the statement of the case, the Veteran submitted an opt-in form for the RAMP program, which clearly demonstrated her intent to preserving her appellate rights as to the issues adjudicated in the statement of the case. However, the AOJ waited until the 60-day period for filing a substantive appeal expired to inform that Veteran that her RAMP opt-in form would not be accepted. The Board finds that the AOJ’s failure to timely provide the Veteran with information critical to the appellate process constitutes an extraordinary circumstance that directly led to her failure to file a timely substantive appeal. Moreover, the Veteran attempted to preserve her appellate rights by filing the RAMP opt-in form and by filing a substantive appeal after she was informed the RAMP form was not accepted. Therefore, all the elements of the McCreary test have been met. As such, the appeal of the timeliness issue is granted, and the appeal of the underlying claim should be reinstated.

Given the Order in this case, the issue of whether the RO was correct to deny the Veteran’s participation in the RAMP program is not before the Board at this time. It is noted, however, that an appeal is initiated with the filing of a notice of disagreement, which was done in the case, and that the Veteran attempted to opt-in to the RAMP program prior to the effective date of the AMA. See 38 C.F.R. § 19.21. 

 

 

DEBORAH W. SINGLETON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Kipper, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.