NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE L. FRANCIS,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1530

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-358, Judge Amanda L. Meredith.

---

Decided: March 10, 2023

---

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, for claimant-appellant.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, SAMANTHA ANN SYVERSON,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

George L. Francis appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming a decision of the Board of Veterans' Appeals ("the Board") that denied Francis's supplemental claim of service connection for prostate cancer based on exposure to herbicides while on temporary duty in Thailand. *Francis v. McDonough*, No. 21-0358, 2021 WL 5903366 (Vet. App. Dec. 14, 2021) ("*Decision*"). For the reasons detailed below, we *dismiss* Francis's appeal for lack of jurisdiction.

## BACKGROUND

Francis served on active duty from January 1963 to January 1967. For a portion of that time, he was assigned to an air base in Japan. In January 2007, Francis filed a claim with the United States Department of Veterans Affairs ("VA") seeking service connection for a prostate ailment, contending that he had been exposed to herbicides in Vietnam, Japan, and Thailand while guarding buildings and aircraft that contained herbicides. In July 2007, Francis further asserted that he had been on temporary duty to Vietnam and Don Muang Air Base in Thailand, where herbicides were stored. The VA regional office ("RO") subsequently denied service connection for Francis's prostate claim.

Consistent with that decision, the VA received a letter from the National Personnel Records Center ("NPRC") advising that it could not verify Francis's temporary duty in Thailand and Vietnam. Francis then submitted a letter stating that while stationed in Japan, he had been

redirected to Don Muang Air Base to participate in an operation called Air Boon Choo, and that he had a layover in Vietnam for several days. In March 2020, Francis filed a supplemental claim for a prostate ailment, and following a VA examination, he was diagnosed with prostate cancer. In April 2020, the Joint Services Records Research Center ("JSRRC") reported that there was no documentation that Francis or any personnel assigned to his squadron had temporary duty at Don Muang Air Base. The RO subsequently denied compensation for Francis's prostate cancer. Francis then appealed to the Board.

The Board denied Francis's claim for service connection for prostate cancer. It recognized Francis's contentions that he had been exposed to herbicides while serving in various countries, including Thailand, but, after reviewing the record evidence, the Board determined that the evidence did not show that Francis was exposed to herbicide agents in service. With respect to his purported temporary duty in Thailand, the Board found that during the relevant time period, the reports of his unit did not identify any temporary duty assignments, and that the histories addressed in the JSRRC report did not identify that he or anyone from his squadron was sent to Don Muang Air Base. The Board concluded that the JSRRC and the NPRC reports were the most probative and persuasive evidence of the circumstances of Francis's active service, as they were from official sources, and the evidence of record did not demonstrate service in Thailand or otherwise establish exposure to herbicides. Francis then appealed to the Veterans Court.

The Veterans Court affirmed the Board's decision. In reaching its holding, the court determined that the Board did not clearly err when it denied service connection based on herbicide exposure, instead finding Francis's argument to focus primarily on "the weight the Board afforded the evidence," an insufficient basis for clear error. *Decision* at

*3. Francis timely appealed the Veterans Court decision to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. 38 U.S.C. § 7292(d)(2).

In reviewing a Veterans Court decision, we decide "all relevant questions of law, including interpreting constitutional and statutory provisions," and set aside any interpretation thereof "other than a determination as to a factual matter" relied upon by the Veterans Court that we find to be: "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d). We review questions of statutory and regulatory interpretation *de novo*. *Mayfield v. Nicholson*, 499 F.3d 1317, 1321 (Fed. Cir. 2007) (citing *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991)).

Francis argues that the Board erred in finding that there was no evidence from the JSRRC that Francis or any member of his unit was sent to Don Muang Air Base in Thailand. He notes that the JSRRC acknowledged that his unit participated in Air Boon Choo, a joint military exercise conducted at Don Muang Air Base. Francis adds that although the JSRRC did not specifically mention his unit being present in Thailand, it also did not specifically exclude it and that the Board should have given him the benefit of

the doubt under 38 U.S.C. § 5107(b) instead of improperly applying a higher standard of proof.  Lastly, Francis acknowledges that although we typically lack jurisdiction to address the application of law to the facts of a Veterans Court case, *Bailey v. Principi* allows us to address the application of law when the material facts are not in dispute and the adoption of a legal standard would dictate the outcome of a case.  351 F.3d 1381, 1384 (Fed. Cir. 2003).

The government responds that we lack jurisdiction to hear this appeal because the Veterans Court did not interpret any statute or regulation but instead applied established law to the facts.  Specifically, the government asserts that reweighing or reconsideration of evidence is outside the scope of our jurisdiction.  Regarding Francis's benefit of the doubt argument, the government argues that application of a statute to the particular facts of a case is generally outside of our jurisdiction.

We agree with the government.  We lack jurisdiction to entertain Francis's appeal, which consists of challenges to the Veterans Court's review of the Board's factual determinations and its application of law to particular facts.  The heart of Francis's appeal involves a challenge to a factual finding—whether Francis served in Thailand—to support his claim to herbicide exposure.  The Board found that he had no service in Thailand and the Veterans Court found no clear error in that finding.  Reviewing that evidentiary finding is outside of our jurisdiction.

Francis's invocation of the benefit of the doubt rule fails to provide us with jurisdiction to entertain this appeal.  Application of the benefit of the doubt rule to the facts of a particular case is outside of our jurisdiction, and Francis cannot rely on the limited jurisdictional exception articulated in cases such as *Bailey v. Principi* because the material facts of his service in Thailand are not undisputed.  351 F.3d at 1384 (explaining that this court may review the application of law to facts where "the material facts are not

6                                    FRANCIS v. MCDONOUGH

in dispute and the adoption of a particular legal standard would dictate the outcome").

## CONCLUSION

We have considered Francis's remaining arguments, but we find them unpersuasive. For the foregoing reasons, we *dismiss* his appeal for lack of jurisdiction.

### DISMISSED

## COSTS

No costs.